**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:09 CV 1439** |
| | ) | |
| Appellant, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **CAMP COAST TO COAST, INC.,** | ) | |
| **and AFFINITY GROUP, INC.,** | ) | |
| | ) | |
| Appellee. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| | ) | |

This matter is before the Court on appeal from the United States Bankruptcy Court for the Northern District of Ohio. The United States ("Appellant") appeals from the Bankruptcy Court's Order Regarding Trial, which held invalid one of Appellant's federal tax lien claims against Two Springs Membership Club ("Debtor").

**I. PROCEDURAL BACKGROUND**

On October 4, 2004, the Debtor commenced a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Ohio (Case No. 04-44837). Upon Motion of Appellant, the matter was converted to a Chapter 7 bankruptcy

1

proceeding on June 30, 2005. (Bnk. Dkt. # 44).[1] Elaine B. Greaves was thereafter appointed Trustee. (Bnk. Dkt. # 47). On October 24, 2005, upon Motion of the Trustee, the Bankruptcy Court entered an order authorizing an auction sale of real property owned by the Debtor and located at 14200 Indian Avenue in North Palm Springs, California, ("the North Palm Springs property") with the property to be sold "free and clear of all liens, encumbrances, claims and other interests of any kind or nature." (Bnk. Dkt. # 75 at ¶ 5). Any such encumbrances were to attach to the net proceeds of the property after the payment by the Trustee of authorized expenses. The Bankruptcy Court's Order also instructed the Trustee to commence an adversary proceeding to determine the validity, priority, and extent of any encumbrances, with payment to be made to the holders of the encumbrances according to the priority established by the court. (Bnk. Dkt. # 75 at ¶ 6).

The North Palm Springs property was subsequently sold and, on June 1, 2006, the Trustee commenced an adversary proceeding (No. 06-4112) in the United States Bankruptcy Court for the Northern District of Ohio. (Adv. Dkt. # 1). Named as Defendants were, *inter alia*, Appellant, as well as Camp Coast to Coast, Inc., and Affinity Group, Inc. (collectively, "Coast"). Appellant filed its Answer to the Trustee's Complaint on June 27, 2006, asserting an interest in the proceeds of the sale of the North Palm Springs property based upon federal tax liens associated with parties other than the Debtor, but which Appellant argued were alter egos of the Debtor. (Adv. Dkt. # 8). On July 20, 2006, Coast filed its Answer, as well as a counterclaim asserting a judgment lien

---

[1] References herein to "Bnk. Dkt." relate to the docket of Bankruptcy Case No. 04-44837. References to "Adv. Dkt." relate to the docket of Adversary Proceeding No. 06-4112. References to "Dkt." relate to the docket of the instant appeal (Case No. 4:09 CV 1439).

against Revcon Motor Coach, Inc. dba Two Springs, ("Revcon Nevada") and alleging a fraudulent transfer of the North Palm Springs property from Revcon Nevada to the Debtor after Coast had obtained judgment against Revcon Nevada but before the filing of Coast's judgment lien. (Adv. Dkt. # 15 at ¶ 10-13). Accordingly, Coast alleged that it had a valid lien upon the North Palm Springs property. Coast also filed a crossclaim alleging that the Debtor was the alter ego of Revcon Nevada. (Adv. Dkt. # 15 at ¶ 16-19).

On April 4, 2008, Appellant and Coast each filed a Motion for Summary Judgment on the claims of the other. (Adv. Dkt. # 54, 55). The Bankruptcy Court denied both Motions on June 30, 2008. (Adv. Dkt. # 62-64). In its opinion, the Court further indicated "its intent to [*sua sponte*] grant summary judgment in favor of the Trustee on the issue of whether Coast's fraudulent transfer claim is invalid as a matter of law," based upon its finding that the California statute of limitations for such a claim had expired. (Adv. Dkt. # 62 at 15). Coast was given ten days to respond with its argument as to why judgment should not be entered against it on the claims presented in Counts I and II of its counterclaim. Appellant and Coast each filed responses to the Court's Order. (Adv. Dkt. # 67, 68). On August 12, 2008, the Bankruptcy Court reversed its finding that the statute of limitations had run and vacated its June 30, 2008, Order denying Coast's Motion for Summary Judgment. (Adv. Dkt. # 92 at 8-10). The Court, upon reconsideration of Coast's Motion, nevertheless denied the Motion on other grounds. (Adv. Dkt. # 92).

The Bankruptcy Court set a trial date of February 23, 2009, for the dispute between Coast and Appellant. (Adv. Dkt. # 121). Prior to trial, Appellant was granted

leave to file a motion for summary judgment on the issue of judicial estoppel. (Adv. Dkt. # 146). In its motion, Appellant argued that Coast should be judicially estopped from challenging Appellant's claim for sale proceeds, which is based upon an alleged alter ego relationship between Revcon Nevada and Travel America, Inc. ("Travel America"). (Adv. Dkt. # 149). As a basis for its argument, Appellant asserted that Coast had previously been successful before the Orange County, California, Court of Appeals in arguing that Revcon Nevada and Travel America were alter egos of each other. (Adv. Dkt. # 149); see Travel America, Inc., et al. v. Camp Coast to Coast, et al., 2003 WL 558563 (Orange County Court of App. 2003). Appellant noted that Coast asserted in its Answer that the Debtor and Revcon Nevada were alter egos of each other. (Adv. Dkt. # 149 at 2-3). Appellant therefore argued that, if Revcon Nevada and Travel America were found to be alter egos of each other, then it followed that Travel America was also an alter ego of the Debtor. (Adv. Dkt. # 149 at 6-7). According to Appellant, because no other party had objected to Appellant's assertion of an alter ego relationship between Revcon Nevada and Travel America, the Bankruptcy Court should have found that Appellant had a valid lien claim against the Debtor. (Adv. Dkt. # 149 at 7).

On February 9, 2009, the Bankruptcy Court granted in part and denied in part Appellant's motion for summary judgment. (Adv. Dkt. # 156, 157). Specifically, the Bankruptcy Court held that Coast was judicially estopped from arguing that Revcon Nevada and Travel America were not alter egos of each other. (Adv. Dkt. # 156 at 12). The Court further held that Appellant "must still meet its prima facie burden of proof by preponderance of the evidence that Travel America, Revcon Nevada, and Debtor are alter

4

egos," and that Coast would not be judicially estopped from asserting the priority of its judgment lien over Appellant's tax liens in the event that Revcon Nevada and the Debtor were determined to be alter egos. (Adv. Dkt. # 156 at 12). On February 13, 2009, Appellant moved for partial reconsideration of the Bankruptcy Court's Order on its motion for summary judgment. (Adv. Dkt. # 159). No ruling was ever made on the motion.

The dispute between Coast and Appellant was tried before the Bankruptcy Court on February 23, 2009. Prior to opening statements, the Court addressed the issue of its judicial estoppel ruling, stating:

> Before we get started then I want to make sure that there's no question with respect to the Court's recent ruling regarding judicial estoppel. Judicial estoppel I have found applies against Coast – Camp Coast to Coast in a very limited area. With respect to the California lawsuit where alter ego was found to apply there were certain defendants, Travel America and Revcon Nevada, that the Court has found that judicial estoppel will apply, that Coast cannot present any evidence that alter ego with respect to those two entities does not exist. However, it's my understanding that the IRS position is that there are actually four entities for which alter ego is appropriate and those are All Seasons Resorts, Inc., Travel America, Revcon California and Revcon Nevada. All Seasons Resorts and Revcon California were not defendants in the California litigation. And to the – so the judicial estoppel argument does not apply to those two entities or as they may relate to Travel America and Revcon Nevada. So I just want to make sure that it's – that we're clear about limitation of what that ruling stated, that it is not that Camp Coast to Coast is judicially estopped from arguing against alter ego with respect to all of the entities but only with respect to the link between Travel America and Revcon Nevada.

(Adv. Dkt. # 162 at 4-5).

After counsel for Appellant discussed the issue of judicial estoppel and the Bankruptcy Court's ruling during his opening statement, the Court reiterated its ruling:

5

> I want to be very clear in the holding and the ruling I made about judicial estoppel. I did not hold or find that Travel America and Revcon Nevada are alter egos. All I said is that to the extent that the IRS puts forth a prima facie case that alter ego would be applicable between those two entities, that Coast is estopped from arguing otherwise. But you just said that I had already made that decision. I have not. And I want to make sure that we're very clear. I have made no ruling with respect to any of the entities being alter egos of each other.

(Adv. Dkt. # 162 at 31-32).

In its Memorandum Opinion Regarding Trial, issued on April 9, 2009, the Bankruptcy Court first considered which law would apply to determine whether any of the asserted entities were alter egos of each other. (Adv. Dkt. # 165 at 11-18). After reviewing the parties' arguments, the Court declined to make an ultimate determination on the matter, finding that "whether Delaware, Nevada or federal common law is used, fraud or some injustice is required to disregard separate corporate status to find alter ego." (Adv. Dkt. # 165 at 14).

Next, the Court turned to the alleged alter ego relationships between the various entities. The Court determined "that there was a complete unity of interest between Debtor and Revcon Nevada and that the two entities were operated as if they were the same company," and found that fraud or injustice existed "because the only reason Debtor was created and made transferee of the Campground was to keep Coast from executing against the Campground to satisfy its Judgment." (Adv. Dkt. # 165 at 21). Accordingly, the Court found that the Debtor and Revcon Nevada were alter egos of each other.

Before addressing Appellant's claims of alter ego relationships between Travel America, Revcon Nevada, All Seasons Resorts, Inc., and Revcon Motorcoach, Inc., a California corporation ("Revcon California"), the Bankruptcy Court determined that Appellant's lien for taxes assessed against Revcon Nevada had precedence and priority over Coast's judgment lien. (Adv. Dkt. # 165 at 22-28). Based upon such finding, the Court further determined that "because the Court has already found that Debtor and Revcon Nevada are alter egos of each other, if the Government proves, by the preponderance of evidence, that Revcon Nevada is the alter ego of one or more of Revcon California, All Seasons and/or Travel America, then it will also establish that Debtor is the alter ego of such entity or entities." (Adv. Dkt. # 165 at 30) (footnotes omitted). Accordingly, if Revcon Nevada is the alter ego of one of those entities, Appellant could collect from the Debtor for the tax liens against such entity or entities.

The Court also restated its judicial estoppel ruling, explaining:

This Court (i) permitted the Government to move for summary judgment on the issue of judicial estoppel and (ii) held that Coast would be <u>estopped</u> from arguing that Travel America and Revcon Nevada are <u>not</u> alter egos of each other. The Court noted specifically, however, that Coast's estoppel did not relieve the Government of its burden of proof to establish alter ego between these entities. Prior to trial, the Government's counsel expressed bewilderment about this ruling, essentially arguing that, since Coast could not oppose application of alter ego, the Government, of necessity, "won" on this argument. The Government misconstrues the procedural issue before the Court. The dispute between Coast and the Government is not the same as a traditional dispute between a plaintiff and a defendant, where one of the entities must prevail. Instead, in this case, Coast and the Government assert competing interests in the same pool of money – *i.e.,* the Sale Proceeds. The outcome of this dispute has three possibilities: (i) both Coast and the Government have valid liens (in which case the priority would have to be determined), (ii) only one of the defendants has a valid lien, or (iii) neither Coast nor the Government have valid liens. The Government

7

> asserts the validity of its tax liens on the basis that Debtor is liable because it is the alter ego of the entities against which unpaid taxes were assessed – *i.e.*, one or more of Travel America, All Seasons, and/or Revcon California. The Government bears the burden of proof on the issue of alter ego, whether or not Coast is estopped from presenting counter evidence or argument.

(Adv. Dkt. # 165 at 29-30) (footnotes and docket citations omitted) (emphasis in original).

The Bankruptcy Court then determined that Revcon Nevada, and thus the Debtor, shared no alter ego relationship with Revcon California, Travel America, or All Seasons Resorts. (Adv. Dkt. # 165 at 30-39). Accordingly, the Court held that "the Government's tax assessments against All Seasons, Travel America, and Revcon California are not valid claims against Debtor." (Adv. Dkt. # 165 at 30).

Appellant filed a motion in the Bankruptcy Court to alter or amend the Court's April 9, 2009, Order Regarding Trial and Memorandum Opinion Regarding Trial. (Adv. Dkt. # 168). Specifically, Appellant argued: (1) that the Bankruptcy Court's ruling regarding the alter ego status of Revcon Nevada and Travel America was contrary to the principles underlying the application of judicial estoppel; (2) that based upon the Court's conclusion that the transfer of the property from Revcon Nevada to the Debtor was fraudulent, "the proceeds of the sale of the property should be distributed to the creditors of Revcon Nevada, not to the creditors of [the Debtor]," in order to avoid "a fundamental inequity;" (3) that injustice would be avoided by a finding that Revcon Nevada and Travel America were alter egos of each other. (Adv. Dkt. # 168). Coast opposed Appellant's Motion. (Adv. Dkt. # 171). After a hearing, the Bankruptcy Court denied

8

the Motion to Alter or Amend. (Adv. Dkt. # 174, 175). The instant appeal followed. (Adv. Dkt. # 178).

## II. LAW AND ANALYSIS

### A. Jurisdiction

This Court has jurisdiction over the appeal of the Bankruptcy Court's April 9, 2009, Memorandum Opinion Regarding Trial and Order Regarding Trial pursuant to 28 U.S.C. § 158(a)(1).

### B. Standard of Review

The Bankruptcy Court's judicial estoppel ruling and its application of the doctrine of judicial estoppel is a matter of law subject to a *de novo* standard of review. Lorillard Tobacco Co. v. Chester, Willcox, and Saxbe, 546 F.3d 752, 757 (6th Cir. 2008).

The Bankruptcy Court's determination that Appellant failed to prove, by a preponderance of the evidence, the alleged alter ego relationship between Revcon Nevada and Travel America raises questions of fact to be reviewed for clear error. In re Behlke, 358 F.3d 429, 433 (6th Cir. 2004).

### C. Bankruptcy Court's Denial of Appellant's Claim Based Upon Alter Ego Relationship Between Revcon Nevada and Travel America

"The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) (quoting Teledyne Industries, Inc. v. National Labor Relations Board, 911 F.2d 1214, 1218 (6th

9

Cir. 1990)). The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (quotations omitted).

The parties in the instant matter do not dispute that the Bankruptcy Court correctly held that judicial estoppel applied to bar Coast from arguing that Travel America and Revcon Nevada were not alter egos of each other. The disagreement centers upon the Bankruptcy Court's application of that doctrine and the proper effect of the Court's ruling upon the litigation. Appellant argues that the Bankruptcy Court erred in requiring Appellant to prove by a preponderance of the evidence that Revcon Nevada and Travel America were alter egos of each other, despite the Bankruptcy Court's finding that Coast was judicially estopped from arguing that no such alter ego relationship existed. (Dkt. # 6 at 25-35). Coast maintains that the Bankruptcy Court was correct to require Appellant to prove its claim because judicial estoppel merely precludes a party from taking a particular position, but does not prevent a court from nevertheless ruling in the estopped party's favor. (Dkt. # 7 at 8-16).

As this Court is unaware of any decision which has squarely decided whether the application of judicial estoppel relieves the non-estopped party of its burden to prove its claim, the question remains unclear. The plain statement of the doctrine is usually couched solely in terms of its effect upon the estopped party's ability to take a position that is inconsistent with its previous position. See New Hampshire, 532 U.S. at 749 ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in

maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quotations and citation omitted); Teledyne Industries, 911 F.2d at 1218 ("The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.") (quotations omitted); 18 Moore's Federal Practice, §134.30 (Matthew Bender 3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."). The language of the doctrine, therefore, states nothing about its effect upon the non-estopped party.

On the other hand, the principles underlying the application of the doctrine at least suggest that, once invoked, judicial estoppel may prevent a finding consistent with the position which the estopped party was precluded from adopting. "[C]ourts regularly inquire into whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Edwards v. Aetna Life Insurance Co., 690 F.2d 595, 599 (6th Cir. 1982). "Judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position *without examining the truth of either statement*." Teledyne Industries, 911 F.2d at 1218 (emphasis added). "Because the first court accepted the initial position, the second relies on *its adjudication* to 'protect [its own] truth-seeking function ... [and] integrity.'"

11

Tangwall v. Looby, 109 Fed.Appx. 12, 15 (6th Cir. 2004) (quoting Teledyne Industries, 911 F.2d at 1218) (emphasis added).

In the instant matter, however, the Court need not decide that precise question. Even if the doctrine of judicial estoppel alone did not require a finding in Appellant's favor, Appellant's claim based upon alter ego should have been considered uncontested and deemed allowed.

"A claim or interest, proof of which is filed under section 501 of [Title 11], is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 502(a). Federal Rule of Bankruptcy Procedure 3001(f) states: "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Thus, "a proof of claim is presumed a valid liability of the debtor unless an interested party objects." In re Today's Destiny, Inc., 388 B.R. 737, 754 (Bankr. S.D. Tex. 2008). In the instant matter, Coast was judicially estopped from objecting to Appellant's alter ego claim with respect to Revcon Nevada and Travel America, and no other party objected. Appellant's claim, therefore, should have been considered valid against the Debtor and allowed without further proof.

The Bankruptcy Court, in its Order Denying Appellant's Motion to Alter or Amend, emphasized that the nature of Appellant's claim required Appellant to prove the alter ego relationship upon which the claim was based. (Adv. Dkt. # 174 at 9). The Court stated:

> The Government did not and does not have a direct lien against the Sale Proceeds because it did not and does not have a direct lien against the Campground, which was property of Debtor…The Government has a lien

12

> against the Sale Proceeds for the Travel America taxes ONLY if it establishes that Travel America and Revcon Nevada are alter egos of each other. This was the Government's burden to prove. The Government failed to carry the burden, as set forth in the Decision.

(Adv. Dkt. # 174 at 9).

Under Rule 3001(f), however, Appellant provided prima facie evidence of the validity of its alter ego claim by filing the proof of claim. "If an objecting party produces sufficient evidence to overcome the presumption created by Fed.R.Bankr.P. 3001(f), the burden of persuasion shifts to the claimant who must also then prove the claim." In re Cardinal Industries, Inc., 151 B.R. 838, 840 (Bankr. S.D. Ohio 1992) (citing In the Matter of Unimet Corporation, 74 B.R. 156, 165 (Bankr. N.D. Ohio 1987)). In the instant matter, there was no objecting party, so the burden never shifted to Appellant to prove its claim or the alter ego relationship upon which it was based. See In re Brown, 82 F.3d 801, 805 (8th Cir. 1996) (on Internal Revenue Service claim of alter ego tax liability, debtors failed to produce "substantial evidence" sufficient to rebut the IRS's prima facie case based upon proof of claim, so burden never shifted to IRS to prove alter ego relationship), abrogated on other grounds, Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15 (2000).

In its Memorandum Opinion Regarding Trial, however, the Bankruptcy Court found that Appellant had failed to satisfy its burden of proving that Travel America and Revcon Nevada were alter egos of each other. (Adv. Dkt. # 165 at 32-38). This Court finds that the Bankruptcy Court was incorrect in determining that, absent any objection, Appellant had the burden of proving the alter ego relationship underlying its claim. Once

Coast was judicially estopped from objecting to the claim and no other party in interest objected, Appellant's claim should have been deemed allowed pursuant to § 502(a).  In denying Appellant's Motion to Alter or Amend, the Bankruptcy Court rejected this premise, stating: "Apparently, based upon this lack of 'challenge,' the Government believes that it 'wins' the argument no matter how scant the case it presents.  This is simply not true."  (Adv. Dkt. # 174 at 9).  The Court's assertion is contrary to the mandate of § 502(a).  "[Section] 502 establishes the general rule that even if a proof of claim is clearly objectionable, the failure of a party in interest to actually interpose an objection to the claim causes that claim to be allowed."  In re Monclova Care Center, Inc., 254 B.R. 167, 173 (Bankr. N.D. Ohio 2000), reversed on other grounds, 266 B.R. 792 (N.D. Ohio 2001).[2]

Therefore, the Court finds that the Bankruptcy Court incorrectly imposed the burden of proving the alter ego relationship between Revcon Nevada and Travel America upon Appellant.  Appellant's claim based upon such alter ego relationship should have been deemed uncontested and allowed without evidence beyond the proof of claim itself.

---

[2] The Court further stated in its Memorandum Opinion Regarding Trial:

> The Government misconstrues the procedural issue before the Court.  The dispute between Coast and the Government is not the same as a traditional dispute between a plaintiff and a defendant, where one of the entities must prevail.  Instead, in this case, Coast and the Government assert competing interests in the same pool of money – *i.e.,* the Sale Proceeds.

(Adv. Dkt. # 165 at 29-30).  This observation is not relevant to the outcome required by § 502(a).  The posture of the case and the relative positions of the competing creditors, which is not unusual for a bankruptcy proceeding, do not change the fact that Appellant's claim is deemed allowed absent an objection.

## III. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's April 9, 2009, Order Regarding Trial is hereby **REVERSED** with respect to the Court's finding that Appellant did not have a valid claim against the Debtor based upon federal tax assessments against All Seasons Resorts, Travel America, and Revcon California as alter egos of the Debtor. (Adv. Dkt. # 8).  The matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – February 24, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**